# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1159NE

_____

Steven E. Crown,             *
                                   *

      Appellant,        *   On Appeal from the United
                                   *   States District Court
   v.                       *   for the District of
                                   *   Nebraska.
                                   *

Union Pacific Railroad Company,   *   [Not To Be Published.]
                                   *

      Appellee.        *

_____

Submitted:  August 6, 2002

Filed:  August 15, 2002

_____

Before RILEY, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

PER CURIAM.

This is an action brought by Steven E. Crown against his former employer, Union Pacific Railroad Company. The District Court[1] filed a thorough opinion closely analyzing plaintiff's pro se complaint. After considering each of the numerous claims asserted in the complaint, the Court determined that the defendant was entitled to judgment as a matter of law. Judgment was entered dismissing the complaint.

---

[1]The Hon. Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska, hearing this case by agreement under 28 U.S.C. § 636(c).

We affirm, largely for the reasons given in the District Court's opinion. We add a few words of clarification.

In his briefs in this Court, Mr. Crown argues claims under the Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq., and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq. Plaintiff began his employment with Union Pacific in 1972. By 1994, he was employed as a corridor manager, supervising train dispatchers who control the safe movement of trains. In August of that year, he suffered a psychological breakdown. He was diagnosed with alcohol dependence and major depression. In 1995, Union Pacific cleared plaintiff to return to work, but he declined to do so, maintaining that he was still not suited to return to his former job, but needed some sort of accommodation. At this point, plaintiff was receiving short-term disability payments under Union Pacific's Employee Benefit Plan. These payments expired after six months. Thereafter, plaintiff received an additional twelve months of long-term disability payments. These payments were made, but the twelve months expired without plaintiff's having returned to work. At this point, Union Pacific advised him that he was no longer eligible for coverage under its Health Plan, but that he could elect to purchase continued private coverage. This the plaintiff did.

In 1999, three years later, plaintiff's physician informed him that he could return to work without restriction. Plaintiff then requested reinstatement with Union Pacific. The railroad declined, stating that his employment had been terminated in 1996, when payments to him under its Health Plan had ceased. The plaintiff maintains that he never received notice of any such termination, and that, therefore, he was still an employee of Union Pacific, though receiving no benefits from it, in 1999, when he requested reinstatement.

The parties spend a great deal of time arguing whether plaintiff was effectively discharged in 1996. However that may be, his employment unequivocally ended in

1999, when the railroad declined to reinstate him. When all of the evidence in the record is considered in the light most favorable to the plaintiff, we can see nothing illegal about this action on the part of the railroad. Plaintiff does not contend on appeal that he was a qualified person with a disability within the meaning of the Americans With Disabilities Act. Instead, he argues that the company's refusal to reinstate him in 1999 was retaliatory in motive, designed to punish him for having brought two charges of discrimination. There is simply no evidence in this record to show any causal connection between the charges of discrimination and the company's action in declining to reinstate the plaintiff, so this claim must fail.

As to ERISA, it is undisputed that plaintiff received all the benefits he was entitled to under the railroad's Health Plan. He received eighteen months of disability benefits. If his disability had been physical instead of psychological, he would have been entitled to payments over a longer term, but there is nothing illegal about the Plan's making a differentiation of that kind. ERISA does not require employers to offer any particular kind of benefit. It simply requires them to pay whatever benefits it has promised, and the railroad did that here.

In sum, even if plaintiff was not effectively fired until 1999, we believe the District Court was correct in holding against him as a matter of law. Accordingly, the judgment is

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-